### NELSON vs. BOTTS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

The declaration before the parish judges, *from* which, and *to* which a party *intends* to remove his domicial, is evidence of the *intention* only. The domicil is only changed by an *actual residence* in the new parish.

A claim for an overseer's wages above five hundred dollars, not in writing, is proved by one witness, and the corroborating circumstance of the defendant's written declaration, that he would and did discharge the plaintiff from his employment.

This is an action for overseer's wages. The plaintiff alleges, he entered into a verbal agreement with the agent of Robert Bell, then owner and in possession of a plantation and slaves, in the parish of Iberville, to be employed as overseer on said plantation, for one year from the first of Jan-

uary, 1839, at the rate of one thousand dollars a year, to be found his sugar and coffee, and allowed the hire of a negro woman as a field hand, worth ten dollars per month. He further shows, that he entered upon the duties of his station as overseer, at the beginning of the year, planted and cultivated a crop of cotton and corn, acting with the approbation and knowledge of Bell, until the 2d October, 1839, when he was discharged without cause, by the defendant, who entered upon the premises, exercising acts of ownership and authority over the same. That he was discharged without cause and without pay: Wherefore, he prays judgment for one thousand dollars, the amount of his wages, and one hundred and twenty dollars for the hire of his negro woman; and that the crop be sequestered, &c.

The defendant pleaded, that he was a resident of the parish of New-Orleans, denied the allegations in the petition, and averred that the plaintiff had no cause of action, as he was in no way indebted to him.

Upon these pleadings and issues, the cause was tried.

The plaintiff proved his employment as overseer with Bell, then in possession, at the rate or one thousand dollars a year; by the agent of Bell. He showed that the defendant came on the plantation as owner, about the 1st or 2d of October, and recognized him as an overseer; but another witness states, that when defendant took this plantation from the Citizen's Bank, that he agreed to pay all the expenses, including overseer's wages, and that the plaintiff was then acting overseer; that defendant admitted this, but said he had rather discharge the plaintiff, and pay the amount due him, and take an overseer to be designated by witness; that he did pay part of the expenses to the knowledge of witness.

It was in proof that plaintiff took with him, when he removed on to the plaintation, a negro woman, a strong ablebodied field hand, which he said he was willing to hire for a reasonable compensation; that she remained there during all the time, to the knowledge of Mr. Bell, but was a part of the time not in a situation to do much work. The plaintiff re-

quired of Bell a cook, who told him if he chose to turn his woman into the field, he would furnish him a cook. Witness says, in all cases overseer's are entitled to a cook.

The written discharge of plaintiff by defendant, dated 2d October, 1839, was produced in evidence. The defendant was cited by leaving process of citation at the plantation, as the place of his domicil. He produced his declaration before the parish judge of New-Orleans, dated April 18th, 1837, stating *"he had changed* his domicil from the county of Fleming, in the state of Kentucky, to the parish of Orleans."

On all the evidence produced, there was judgment for the plaintiff for the entire amount of his claim.

The defendant appealed.

*Burke,* for the plaintiff, submitted a written brief.

*Preston* and *Labauve,* for the defendant and appellant.

*Martin, J.,* delivered the opinion of the court.

This is an action for overseer's wages. The plaintiff alleges, he was regularly engaged as overseer, to take charge of the plantation and slaves of one Robert Bell, in the parish of Iberville, on the first of January, 1839, and to continue for one year, for which he was to receive one thousand dollars and provisions found, and to be allowed the hire of a negro woman as a field hand. He alleges, that he made a crop, and was gathering it, when he was discharged without cause by one George A. Botts, who came on the plantation, exercising acts of ownership over the same, on the 2d October, 1839. He prays judgment against Botts, for the sum of one thousand dollars, the amount due him for his year's wages, and the further sum of one hundred and twenty dollars, for the hire of his negro woman.

The defendant excepted to the jurisdiction of the court, averring that his domicil and residence was in New-Orleans. And for answer, pleaded the general issue, and denied specially that the plaintiff had any cause of action or demand whatsoever against him.

The plaintiff had judgment for the amount of his demand, and the defendant appealed.

EASTERN DIST.
January, 1841.

NELSON
vs.
BOTTS.

In relation to the plea to the jurisdiction, the defendant has not produced any evidence of his residence in New-Orleans, except his declaration before the parish judge, "that he had changed his domicil from the county of Fleming, in the state of Kentucky, to the parish of Orleans." On a change of domicil from one parish to another, in the state, the declaration before the parish judges, *from which,* and *to which,* he *intends* to remove his domicil, is evidence of the *intention* alone; but the domicil is only changed by *actual* residence in the new parish. We are unable to say, that the actual residence may be dispensed with, when the party removes from another state; and that then the *intention* to reside, acquires the new domicil. There is not the least title of evidence that the defendant ever resided in New-Orleans, and the sheriff's return attests, that the citation and petition in this case, has been *left at his domicil,* in the parish of Iberville. The plea to the jurisdiction was, therefore, correctly overruled.

The declaration before the parish judges, *from which,* and *to* which, a party *intends* to remove his domicil, is evidence of the *intention* only. The domicil is only changed by an *actual residence* in the new parish.

On the merits, the plaintiff has proved by a witness, his contract with Bell, the then owner of the plantation. A corroborating circumstance results from the defendant's written declaration, discharging the plaintiff when he took possession of the plantation. The plaintiff has further proved by a witness that the defendant declared to him he would rather discharge the plaintiff, pay him the wages due, and employ another person, to be designated by the witness; and that he did discharge him. We think his claim to be paid his wages, is sufficiently proved.

A claim for overseer's wages above five hundred dollars, not in writing, is proved by one witness, and the corroborating circumstances of the defendant's written declaration, that he would, and did discharge the plaintiff from his employment.

The plaintiff claims, and has been allowed by the judgment, one hundred and twenty dollars for the hire of a negro woman, which he alleges he brought with him, and employed on the plantation as a field hand until his departure. This right to this additional sum does not appear to us to be sufficiently proved. It is not shown that she was actually employed as a hand, at work; and during a part of the time

NELSON
*vs.*
BOTTS.

it appears she was not in a situation to work or earn wages. This sum must therefore be deducted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled; and proceeding to give such a judgment, as ought, in our opinion, to have been rendered in the court below, it is ordered, adjudged and decreed, that the plaintiff do recover the sum of one thousand dollars from the defendant Botts, with a privilege on the crop sequestered on the plantation, together with his costs in the District Court; those of the appeal to be paid by the plaintiff and appellee.